415 So.2d 429 (1982)
Nancy Estill BERINGER
v.
Frederick Porter BERINGER, Jr.
No. 14792.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
Michael W. McKay, Baton Rouge, for plaintiff-appellee Nancy Estill Beringer.
C. John Naquin, Jr., Baton Rouge, for defendant-appellant Frederick Porter Beringer, Jr.
Before ELLIS, PONDER and SAVOIE, JJ.
PONDER, Judge.
Defendant appealed from that portion of a divorce judgment which continued the consent support provisions awarded by the judgment for separation.
The sole issue is the validity of the support awarded.
We affirm.
At the hearing on the petition for separation, plaintiff produced a letter from the defendant stating that he and his wife had agreed on the terms of the judgment, that he had discussed the matter with plaintiff's attorney, had retained counsel for advice and that the judgment contained the terms he had agreed to. He had read and signed each page of the proposed judgment and requested that it be fully implemented.
The terms agreed to and incorporated into the judgment of separation were the payment of 1) $700.00 per month for one year from the date of legal separation and $350.00 per month for another year; 2) $406.00 per month payment on the house mortgage for a period of five years unless plaintiff remarried or sold the house; 3) an amount sufficient to pay utility, telephone, medical, dental and house maintenance bills for two years; 4) an amount sufficient to pay various credit card bills for two years or until plaintiff became employed full-time; 5) maintenance of home and life insurance policies for two years; 6) payment *430 for two years of all plaintiff's taxes except on her income and 7) all attorney's fees. This judgment was not appealed and is final. However, defendant filed a rule to reduce alimony, but the rule was not heard.
A year later, plaintiff petitioned for divorce and asked that the terms for support be continued. Defendant answered that plaintiff had sufficient means and was not entitled to permanent alimony.
The trial judge held that the parties agreed upon a form of "rehabilitative alimony," by a method varying from customary procedures and incorporated the terms into the divorce judgment. He made the finding that the plaintiff would not be entitled to permanent alimony beyond the terms of the agreement.
Defendant argues that alimony after divorce is obtainable only when she is not at fault and without sufficient means for support. Although this is the standard under La.C.C. Art. 160,[1] a spouse may now contract on this subject. See King v. King, 390 So.2d 250 (3rd Cir. 1980), writ denied 396 So.2d 884 (La.1981). The incapacities that once existed as to contracting between spouses were not in effect at the time the parties reached their agreement.[2]
Defendant next contends that the parties agreed to the terms of the judgment for alimony pendente lite purposes only, but did not form an agreement for permanent alimony. He argues that that judgment of divorce terminated any order to pay alimony pendente lite.
The trial court's determination that the intent of the parties was to enter into a binding agreement for support that would cover both the post-separation and post-divorce periods is not manifestly erroneous. Although the separation judgment used the term "alimony pendente lite," it awarded cash payments for two years, the payment of the house note for five years unless the plaintiff remarried or sold the house prior to that time and other provisions without reference to any limitation to the time that alimony pendente lite would be payable.
For these reasons, the trial court's judgment is affirmed with costs assessed to the defendant.
AFFIRMED.
NOTES
[1] La.C.C. Art. 160:

"When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which has no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouses's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries."
[2] La.C.C. Art. 2446 (Repealed by Acts 1978, No. 627, § 5; Acts 1979, No. 709, § 2).

La.C.C. Art. 1790 (Amended by Acts 1978, No. 627, § 3; Acts 1979, No. 711, § 1.)
"Besides the general incapacity that persons of certain descriptions are under, there are others applicable only to certain contracts, either in relation to the parties, such as tutor and ward, whose contracts with each other are forbidden; or in relation to the subject of the contracts, such as purchases, by the administrator, of any part of the estate committed to his charge. These take place only in the cases specially provided by law, under different titles of this Code."