448 So.2d 910 (1984)
Bertha D. CUNNINGHAM, Plaintiffdefendant-in-ruleAppellee,
v.
Fred CUNNINGHAM, Defendantplaintiff-in-ruleAppellant.
No. 83-814.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1984.
David A. Sheffield, Alexandria, for defendant-appellant.
Fuhrer, Flournoy & Hunter, John Morton, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOMENGEAUX, Judge.
Fred Cunningham, the original defendant, filed a rule against Bertha D. Cunningham, the original plaintiff, to reduce or terminate a previously granted alimony award. From a judgment on the rule in favor of Bertha D. Cunningham, Fred Cunningham has perfected this appeal.
On January 4, 1980, Bertha Cunningham obtained a divorce from Fred Cunningham. The divorce decree provided that Fred was to pay Bertha Two Hundred ($200.00) Dollars per month as alimony and an additional *911 Two Hundred ($200.00) Dollars per month as child support for a minor child. In February of 1981 Fred stopped paying alimony. In November of 1981 when the child became a major, he stopped paying child support. On October 27, 1982, Fred and Bertha entered into an agreement which stated that the payment of child support had been legally terminated because of the child's majority and that Fred would resume paying alimony of Two Hundred ($200.00) Dollars per month. More specifically the agreement provided:
"Appearers further declare that Fred terminated paying alimony to Bertha in February, 1981 as a result of Bertha's becoming self-employed and allegedly having sufficient funds to provide for her maintenance and support. However, Bertha hereby waives any claim for past alimony through October, 1982 with the understanding and agreement that Fred shall recommence payment of alimony to Bertha in the sum of $200.00 per month commencing November 1, 1982, payable $100.00 on the 1st and 15th of each month without the necessity of Bertha employing the services of an attorney and proceeding with legal action to have said alimony payments recommenced."
Since the date of their agreement Fred paid the Two Hundred ($200.00) Dollars per month. In March of 1983 he filed the within rule for a modification of alimony. As previously indicated, the trial court rendered judgment against him and in favor of Bertha and he now devolutively appeals that judgment.

ISSUES
Fred contends that the trial court erred in considering the agreement between him and Bertha to be a consent decree. Furthermore, he claims that since the document was not a consent decree the trial court should have examined the changed circumstances between the date of the original divorce judgment, January 4, 1980, and the date of the rule, March of 1983, not the changed circumstances between the date of the document, October 24, 1982, and the date of the rule.

VALIDITY AND RATIFICATION OF ALIMONY CONSENT DECREE
In the area of alimony awards the trial court is vested with much discretion. Awards will not be disturbed on review unless there has been a clear abuse of discretion or manifest error in the trial court's factual appreciations. Bass v. Bass, 417 So.2d 67 (La.App. 3rd Cir.1982). A review of the record reveals an exercise of proper discretion.
Alimony after divorce can be made the subject of a contract and is considered a consent decree. King v. King, 390 So.2d 250 (La.App. 3rd Cir.1980), writ denied, 396 So.2d 884 (La.1981); Beringer v. Beringer, 415 So.2d 429 (La.App. 1st Cir.1982). In determining that the document between the Cunninghams was such a contract, the trial court carefully examined the agreement and stated "the purpose of the agreement was to avoid Bertha's employing an attorney and [in] having the alimony payments commenced." The court further noted that the contract was ratified because from the date of the signing Mr. Cunningham has paid Two Hundred ($200.00) Dollars a month as provided for in the agreement.
Appellant argues that the agreement was not a consent decree because it was not attached to the divorce judgment. Although the agreement was not executed on the same day as the divorce judgment, it does refer to and incorporate that judgment. As the trial court stated, "the alimony of $200.00 is precisely the amount provided for by the divorce decree dated January 4, 1980." The trial court, therefore, was correct in finding the agreement to be a consent decree.

CHANGE OF CIRCUMSTANCES
Since the agreement is a consent decree, Fred Cunningham must prove a change of circumstances from the date of the agreement in seeking a reduction of the alimony. Bass v. Bass, supra. Hence, the *912 trial court did not have to consider Mrs. Cunningham's finding employment between the time of the divorce January 4, 1980, and the date of the consent decree, October 27, 1982.
In his reasons for judgment the trial judge discussed the change of circumstances. The discussion was thorough, and therefore we will adopt it as follows:
"Fred Cunningham testified that on October 27, 1982, he was holding down two jobsa full time job with Duluth Oil Exchange and a part-time job with someone else. He stated that he was making approximately $162.85 per week with Duluth. He did not say how much he was making on his part-time job. Since that time, he has lost both jobs. However, he is now working for the Lube Center. The statements introduced into evidence by him .... on the other hand, show that he is now making approximately $250 per week. This is almost one hundred dollars more per week than he was making at Duluth. Since nothing was said at trial about how much Fred made at his part-time job, it is impossible for this Court to say whether he is presently making more or less than he was making in October of 1982. Even if he is making less, that reduction of income is certainly negligible. It is the finding of this Court that the change, if any, in Fred Cunningham's financial situation is insufficient in and of itself to warrant a change of alimony.
As part of his statement of income and expenses, plaintiff-in-rule lists school expenses for his son. However, plaintiff admitted on the witness stand that his son is not presently in school and will not start school until the next school year. Moreover, by the time he does start school, there may be other changes to be taken into account. For example, once the child is in school, plaintiff's present wife will be freed from her daily chore of taking care of the child. She may very well decide to get a job and thereby add to the family's overall income. Therefore, the school expenses listed in the statement do not show any present change of circumstances for this Court to consider.
The only other possible change indicated by the evidence is a possible pay raise. It is undisputed that Bertha Cunningham was working for the Rapides Parish Council on Aging on October 27, 1982. She testified that she was making $3.35 an hour when she started working and that subsequently she got a five cents an hour raise. However, she was not sure whether the raise came before or after October 27th. She also introduced into evidence two (2) check stubs.... These check stubs were from her place of employment and show her earnings. One of them states that it is for the period ending October 29, 1982, during which period Bertha had worked eighty (80) hours at the rate of $3.40 per hour. Thus, she had been making $3.40 per hour for at least two weeks as of October 27, 1982. It is therefore the finding of this Court that Mrs. Cunningham had received her five cents an hour raise prior to October 27, 1982, and that there has been no change in her salary since that date. This Court would also mention in passing that even if Mrs. Cunningham had not received her raise until after the date of the agreement, such a small raise would not be a change substantial enough to warrant a change in alimony.
In summary, in order to have alimony terminated or altered, the plaintiff-in-rule must show a change in circumstances since October 27, 1982. It is the finding of this Court that the plaintiff has failed to show any change of circumstances, except possibly a slight reduction in his weekly income. Even if his weekly income has been reduced somewhat, that reduction is so slight that it is not substantial enough to warrant a change of alimony."
As the above analysis reveals, there was no change of circumstances between the date of the rule and the date of the consent agreement. The alimony award, therefore, will not be reduced.

*913 DECREE
For the above and foregoing reasons, the decision of the trial court is affirmed. All costs are assessed against defendant-appellant.
AFFIRMED.