485 So.2d 970 (1986)
George P. KLEIN
v.
Elizabeth Boyer, Wife of George P. KLEIN.
No. 85-CA-559.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1986.
Rehearing Denied April 17, 1986.
Writ Denied June 13, 1986.
*971 Joseph H. Hurndon, Mark S. Goldstein, New Orleans, for plaintiff-appellant.
Sydney J. Parlongue, New Orleans, for defendant-appellee.
Before KLIEBERT, BOWES and DUFRESNE, JJ.
DUFRESNE, Judge.
George Klein appeals a judgment from a domestic rule awarding his former wife, Elizabeth Boyer Klein, the sum of $1,216.42 representing arrearages for failure to pay mortgage notes on the family home, utility bills, telephone expenses and insurance cost pursuant to a consent judgment.
This appeal concerns the interpretation of language contained in a consent judgment entered into by George Klein and Elizabeth Boyer Klein as well as the intent of the parties as to its duration.
On April 24, 1984, a judgment of separation was rendered in favor of Mr. Klein and against Mrs. Klein with the court finding mutual fault. Later a judgment of divorce was granted on January 29, 1985, based upon living separate and apart for six months without reconciliation from the judgment of separation.
On March 13, 1985, Elizabeth Boyer Klein filed a rule to accumulate past due arrearages in connection with a consent judgment entered into on November 16, 1983, which provided in pertinent part as follows:
"IT IS FURTHER ORDERED that plaintiff, George P. Klein, during the pendency of these proceedings or until the partition of the community, continue paying the mortgage note on the matrimonial domicile, continue paying the utility bills, and reasonable telephone expenses, and continue in force all health insurance and life insurance policies in force at the present time. He is not to make a claim against the community for mortgage payments and she is to be assigned use of the family domicile during *972 the pendency of these proceedings." (emphasis added)
The consent judgment was stipulated to by the parties as a result of a rule for support filed by Elizabeth Boyer Klein in the pending separation matter. Responding to this rule, Mr. Klein filed an exception of no cause of action, indicating to the court that the parties had been divorced since January 29, 1985, and that there was a finding of mutual fault, thus a legal consequence would be the termination of any alimony to his former wife.
Mr. Klein argues that the recital contained in the November 16th consent judgment was for "alimony pendente lite" pursuant to Civil Code Article 148, thus, after the divorce, payments should cease. Mrs. Klein contends that the agreement goes beyond the time of the divorce, and payments are continuous as authorized under the contract.
The trial court in its very well presented reasons for judgment discussed the arguments presented and we adopt the relevant portions here:
"Counsel for Mr. Klein relies upon the cases of Dubois v. Breaux, 341 So.2d 68 (La.App. 3rd Cir.1977), Dugas v. Dugas, 374 So.2d 1278 (La.App. 3rd Cir.1979) and Lewis v. Lewis, 404 So.2d 1230 (La.1981) for the proposition that a judgment of final divorce abates and renders ineffective prior court decrees relative to the award of alimony. However, neither of these cases deals with the effect of a consent judgment entered into prior to a judgment of divorce.
The case which is more closely on point is the First Circuit case of Beringer v. Beringer, 415 So.2d 429 (La.App. 1st Cir. 1982). In Beringer an agreement between the parties was incorporated into the judgment of separation. The agreement provided the payment of:
1) $700.00 per month for one year from the date of legal separation and $350.00 per month for another year; 2) $406.00 per month payment on the house mortgage for a period of five years unless plaintiff remarried or sold the house; 3) an amount sufficient to pay utility, telephone, medical, dental and house maintenance bills for two years; 4) an amount sufficient to pay various credit card bills for two years or until plaintiff became employed full-time; 5) maintenance of home and life insurance policies for two years; 6) payment for two years of all plaintiff's taxes except on her income and 7) all attorney's fees. Id. at 429-430.
A year later, a suit for divorce was filed. Mrs. Beringer sought to continue the terms of support as provided in the consent agreement; Mr. Beringer sought to terminate the support on the basis that Mrs. Beringer had sufficient means and was therefore not entitled to support.
The trial judge viewed the agreement as a form of "rehabilitative alimony" and incorporated its terms into the judgment of divorce. However, the trial judge also found that Mrs. Beringer would not be entitled to permanent alimony beyond the terms of their agreement.
The First Circuit recognized the validity of the agreement for support entered into between the parties prior to the judgment of divorce. Similarly, this court finds that the agreement entered into between Mr. Klein and Mrs. Klein prior to the judgment of divorce is valid. Accordingly, it overrules the exception of no cause of action filed on behalf of defendant-in-rule, Mr. Klein.
The agreement provides for alimony in the form of mortgage notes on the matrimonial domicile, utility bills, reasonable telephone expenses and health and life insurance policies. The agreement further provides that these support payments are to continue during the pendency of these proceedings or until the partition of the community. Thus, the parties intended for alimony to continue during the pendency of these proceedings or until the partition of the community, rather than to terminate upon the order of the court regardless of whether Mrs. Klein needed the alimony or not. Thus, Mr. *973 Klein bargained away his right, under L.S.A.-C.C. Article 160, to have post-divorce alimony terminated when it was no longer necessary; while Mrs. Klein bargained away any right she may have had to seek alimony beyond the terms of the agreement. It is significant that she entered into this agreement prior to the judgment of separation in which she was found to be mutually at fault. Furthermore, this court finds that the agreement for support terminates at the partition of the community. The parties intended that support would continue "during the pendency of these proceedings or until the partition of the community". This court finds that the parties intended the agreement to be terminated at the partition of the community when all proceedings relative to the settlement of the community would end since there is also included in the agreement a statement that Mr. Klein is not to make a claim against the community for mortgage payments and that Mrs. Klein be allowed the use of the family domicile during the pendency of these proceedings. The agreement is therefore an agreement relative to alimony as well as an agreement relative to a community property settlement."
Mr. Klein has appealed the judgment of the trial court urging that the agreement of November 16, 1983, in accordance with its term "during the pendency of these proceedings or until the partition of the community" should have terminated when the judgment of divorce was rendered on January 29, 1985. We do not agree.
We hold that alimony after divorce can be made the subject of a contract and will be considered a consent decree, King v. King, 390 So.2d 250 (La.App. 3rd Cir.1980) and Beringer v. Beringer, 415 So.2d 429 (La.App. 1st Cir.1982) LSA-C.C. art. 160.
We agree with the trial judge that "it is significant that she (Mrs. Klein) entered into this agreement prior to the judgment of separation in which she was found to be mutually at fault". We have determined that the consent judgment was a contract whereby the parties each compromised their respective legal positions in order to satisfy a common end, that is, concluding the proceedings which meant partitioning the community property.
We have carefully examined the November 16th consent agreement and find that the purpose of this contract was to assure that Mr. Klein continued to pay certain obligations until the community was partitioned. It is clear that the proceedings relative to this matter were not concluded at the time of the consent agreement because remaining was the issue of separating community assets and paying community debts. Under these circumstances we have interpreted the wording "during the pendency of these proceeding or until a partition of the community" to mean that the proceedings involved in this domestic case would have concluded after the partitioning of the community. It is reasoned that the agreement for alimony was primarily in the form of paying community property debts, such as, the mortgage notes on the family home, the utility bills associated with the home, reasonable telephone bills, and other expenses for Mrs. Klein in the form of health and life insurance. Thus, it was Mr. Klein's obligation to make payment on these expenditures until the community property is partitioned and the case completed.
For these reasons, the decision of the trial court is affirmed.
AFFIRMED.