GOTHARD, Judge.
This case arises from a dispute over alimony after divorce. From judgment in favor of the wife, the husband appeals.
Helen Weales Tschirn and Darryl Jude Tschirn were separated under a consent judgment on December 21, 1984 (“separation judgment”) based upon mutual fault. The judgment set out certain direct payments to be made for the wife’s and child’s living expenses and provided for joint custody but was silent as to alimony pendente lite and child support. In an amended and supplemental judgment (“amended judgment”) on January 25, 1985 the court awarded alimony pendente lite of $1,500 per month and child support also of $1,500 per month. On September 20, 1985 the husband was awarded a divorce based on living separate and apart six months after the judicial separation. Mr. Tschirn ceased paying alimony pendente lite as of October 1, following which Mrs. Tschirn filed a rule to accumulate and make executory unpaid alimony, alleging that it had been previously stipulated that alimony would not be affected by a judgment of divorce but would continue until a partition of the community was complete. In the interim between the judgment of divorce and Mrs. Tschirn’s rule, on October 11, 1985 the trial judge ordered that Mrs. Tschirn be advanced $5,000 per month from the community for a period of three months, which should not be construed as alimony. A hearing was held on whether, under the separation judgment and the amended judgment, Mrs. Tschirn was entitled to alimony after the divorce and arrearage. On March 24, 1986 the court decreed that back due and unpaid alimony from October 1, 1985 through March 1, 1986 would be paid by the husband and further, that “the respondent in this rule is obligated to pay the plaintiff in rule alimony until such time as the community of acquets and gains existing between the parties will have been partitioned.” The husband then appealed. In a separate judgment dated April 1, 1986 the court terminated the $5,000 advances from the community. The husband appeals the judgment of March 24, 1986.
The issues raised by the appellant may be summarized as 1) whether alimony pen-dente lite may be continued after judgment of divorce and 2) whether the parties had agreed that alimony payments would continue until such time as the partition of the community was complete.
The appellant argues that the law is clear that alimony pendente lite automatically terminates upon judgment of divorce, and that there are no cases in which the courts have allowed its continuation. The appellee responds by referring to cases in which the court upheld consent judgments *1112 providing for pre-divorce support arrangements to be continued after judgment.
While it is true that by operation of law alimony terminates upon judgment of divorce, its continuation is not forbidden, even though LSA-C.C. art. 160 provides that only a spouse who is not at fault in the breakup of the marriage and is in need is entitled to alimony after divorce, so-called “permanent” alimony. Zeringue v. Zeringue, 479 So.2d 443 (La.App. 1st Cir.1985). The courts have held that spouses may contract with each other on the subject of alimony and agree for it to continue after divorce. Jones v. Jones, 459 So.2d 1200 (La.App. 5th Cir.1984), writ denied, 462 So.2d 649 (La.1985); Cunningham v. Cunningham, 448 So.2d 910 (La.App. 3rd Cir.1984); Beringer v. Beringer, 415 So.2d 429 (La.App. 1st Cir.1982).
Another panel of this court was faced with a factual situation very similar to the one now before us in Klein v. Klein, 485 So.2d 970 (La.App. 5th Cir.1986), writ denied, 489 So.2d 921 (La.1986). The Kleins had entered into an agreement prior to the judgment separation, and the parties were found to be mutually at fault.
The agreement read as follows at 971:
“IT IS FURTHER ORDERED that plaintiff, George P. Klein, during the pendency of these proceedings or until the partition of the community, continue paying the mortgage note on the matrimonial domicile, continue paying the utility bills, and reasonable telephone expenses, and continue in force all health insurance and life insurance policies in force at the present time. He is not to make a claim against the community for mortgage payments and she is to be assigned use of the family domicile during the pendency of these proceedings.” [Emphasis added by Court of Appeal.]
The court rejected the husband’s position that the consent agreement was for alimony pendente lite, which would cease after divorce, and held that alimony after divorce may be made the subject of a contract. Under the wording of the agreement the husband was obligated to continue payment of the household expenditures and insurance until the community was partitioned and the domestic case concluded.
In our case, the second issue, whether the parties actually agreed to continuation of alimony, presents a more complicated problem of interpretation that that in Klein v. Klein, supra. We are required to interpret two judgments that on first reading appear to conflict.
We first take note that the parties were represented by counsel at the hearing of the separation judgment of December 21, 1984, as well as that of January 25, 1985; however, the two judgments were signed by different district judges. No appeal was taken from the amended judgment, which was a consent judgment signed by counsel for both parties. On July 31, 1985 Mrs. Tschirn filed a rule to increase alimony and child support to which Mr. Tschirn filed exceptions of prematurity and no cause of action. No ruling on those pleadings was made, although the exceptions were argued in a hearing of several matters on October 11, 1985. The March 24, 1986 judgment was rendered after a hearing on Mrs. Tschirn’s claim for arrearage of alimony and for continuation of monthly advances from her share of the community.
The separation judgment of December 21, 1984 set out provisions for custody, tuition and medical expenses for the child, and injunctions against visitation by a relative of the wife and against harassment of each other or alienation of community property. The provisions relevant to the dispute read as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Darryl Jude Tschirn shall pay the mortgage notes bearing against the family home, including any taxes or insurance which may be due against the said family home.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the judgment of this Court rendered herein-above shall run in full force and effect, even after a divorce, pending partition of the community estate, and will cease entirely immediately upon the completion *1113 of a partition of the community estate, whether same occurs before or after the judgment.
The amended judgment provides for alimony pendente lite and child support, medical insurance for Mrs. Tsehirn, a revision of the injunction against visitation by the relative and nullification of the previous injunction, and for Mrs. Tschirn’s use of the family home and a community car “during the pendency of these proceedings” and of a condominium in Colorado for a ten-day period. The relevant sections of the supplemental and amended judgment are as follows:
The Court considering the law and the evidence and the joint consent of the parties herein, the original judgment herein having been signed on December 21, 1984, and the parties herein desiring to supplement, amend and correct that judgment, do so as follows, to-wit:
IT IS ORDERED, ADJUDGED AND DECREED that the rule be made baso-lute (sic) and that Darryl Jude Tsehirn pay Helen Weales Tsehirn the sum of $1,500.00 per month as alimony pendente lite, and $1,500.00 Dollars per month as child support, said payments commencing December 1, 1984, and payable one-half on the first and one-half on the 15th of each and every month thereafter, pending further orders of this court, to be reconsidered in one (1) year or after division of community, whichever occurs first.
It is important to note that the provision for duration appears at the end of the separation judgment, while in the amended judgment, the duration for alimony and child support is contained within one clause of the judgment. At the end of the judgment, following the above-mentioned provisions, appears the following decree:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all other orders of the judgment of December 21, 1984 shall remain in full force and effect.
The appellant’s understanding of the effect of combined judgments was and is that the mortgage note and tuition, medical, dental, and hospital expenses of the child would continue even after divorce until completion of the partition but that alimony pendente lite would be reconsidered either one year after January 25, 1986 or after partition, whichever came first. He does not contest any provisions relative to the child. The appellee understood the alimony pendente lite of $1,500 per month as well as the expense payments would continue “even after divorce” until judgment of partition.
The judge who signed the amended judgment disagreed with the appellant’s construction of the terms of the two judgments and stated:
... The more I read those documents and the more I try to remember what went on, I still believe that the intent of that agreement was to provide those funds for Mrs. Tsehirn until such time as the community was in fact partitioned. Under those circumstances, that money will continue until such time as the partition is effectuated.
Further discussion took place among the appellant’s attorney, the appellant, and the court, as follows:
MR. LOWE:
Is Your Honor considering that alimony in advance, this $1,500.00 per month? THE COURT:
That was the amount that had been agreed upon some time ago by Mr. Tsehirn.
MR. TSCHIRN:
If Your Honor please, I’ve got to state for the record — and I understand Your Honor’s ruling but, that was not the agreement.
THE COURT:
Well the judgment, read the judgment, that’s what I’m saying, it was the intent, as I read the judgment together, the intent was to provide her with some means of support until the time of the partition was effectuated. I read it that way, that’s what I believe the intent was.
MR. TSCHIRN:
So as I understand Your Honor, as I understand it, that from October of 1985, *1114 I am to reimburse them in arrears for $1,500.00 per month in alimony, notwithstanding the fact that she received $116,-000.00 and that I am supposed to then continue on paying $1,500.00 per month alimony into the future until—
THE COURT:
No no, the agreement said until such time as the partition is effectuated.
MR. LOWE:
Judge, I’m looking at the judgment now that says that it be made to be reconsidered in one year or after the division of the community and that took place before—
THE COURT:
There’s no division of the community. MR. LOWE:
But, a year has lapsed.
THE COURT:
Or one year—
MR. LOWE:
It’s or, whichever first occurs, that’s what it says Judge, that it’s to be reconsidered—
THE COURT:
I don’t interpret that agreement in that light and that’s what I’m saying. I interpret that agreement, as I remember the facts surrounding this case, and that agreement was drawn up with your other lawyer, is that correct?
MR. TSCHIRN:
Yes, Your Honor, the agreement was I think before Judge LeBrun. [Hearing, March 7, 1986.]
As a guide to the interpretation of contracts, Civil Code article 2046 provides that:
When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.
An analysis of the plain wording of the judgment would indicate that the provision in the amended judgment for duration of alimony pendente lite and child support applies to that one item alone. It is contained within the one-sentence provision and is a modifying clause for that provision only. The decree at the very end of the amended judgment, stating that all other orders of the December 21, 1984 judgment remain in force, has no effect whatever upon the time period set in the alimony provision of the amended judgment.
While we are aware that the trial judge is given much discretion in fixing alimony and the manifest error rule is applicable, we find that the trial judge’s interpretation of the consent judgments was incorrect. We note that neither of the attorneys who represented the parties and agreed to the judgments were counsel at the time of the hearing before the March 24, 1986 judgment was rendered, forcing the trial judge to rely upon his memory of more than a year.
Accordingly, we find that LSA-C.C. art. 2046 is controlling in this case and hold that the supplemental and amended consent judgment of January 25, 1985 provided that alimony would cease at the end of one year from judgment or the partition of the community, whichever came first. For the reasons stated above we reverse the judgment appealed from and decree that no further alimony is due.
IT IS ORDERED that alimony paid by the appellant, Darryl J. Tschirn, to the ap-pellee, Helen Weales Tschirn, from January 25, 1986 to the present be credited against Mrs. Tschirn’s share of the community; and that the case be remanded for further proceedings in accordance with this judgment.
REVERSED AND REMANDED.