MARVIN, Chief Judge.
Mr. Simonelli appeals a judgment dismissing his rule to terminate or reduce permanent alimony on allegations that Mrs. Simonelli’s circumstances have changed and she is no longer “in need” under former C.C. Art. 160 (now Art. 112). This appeal is moot for these reasons:
PROCEDURAL HISTORY
In a 1989 consent judgment alimony of $400 per month was designated “as contractual alimony” ordered to be paid by Mr. Simonelli. Mr. Simonelli thereafter moved to reform the consent judgment, alleging that the parties did not intend for the alimony to be contractual and to continue indefinitely, but intended for it to be governed by Art. 160. Mrs. Simonelli excepted to the rule on the grounds that contractual alimony was not subject to modification under Art. 160.
After reviewing the stipulation on which the 1989 consent judgment was based, and the stipulated testimony of the parties as to what they respectively intended when they entered into the consent judgment, the trial court granted Mr. Simonelli’s motion and reformed the consent judgment to refer to the $400 per month alimony as “alimony payable under Civil Code Article 160” rather than “contractual alimony.” On Mrs. Simonelli’s appeal, this court reversed that judgment on December 4, 1991, in an unpublished opinion. Simonelli v. Simonelli, No. 23,047-CA.
In the unpublished opinion, we found that the trial court’s amendment of the consent judgment was substantive and was not within the scope of C.C.P. Art. 1951 reformation, because that article allows a final judgment to be amended only to alter non-substantive phraseology or to correct a calculation error. In a per curiam denying Mr. Simonelli’s rehearing application, we explained that we had not ruled that the *446 trial court erred in its interpretation of the agreement of the parties as to alimony, but only that the court did not have authority to substantively amend or reform the judgment under C.C.P. Art. 1951. The per cu-riam states:
If an agreement as to alimony, even one reduced to judgment, is subject to more than one interpretation, a judge may have to decide which interpretation is correct and thereafter, use his interpretation to resolve pending issues between the parties. However, he may not amend a final written judgment in violation of [Art.] 1951.
The supreme court denied Mr. Simonelli’s writ application on March 26, 1992.
While the appeal of the 1991 reformed judgment was pending, Mr. Simonelli sought by rule to terminate or reduce alimony, alleging a change in circumstances. The trial court heard and denied Mr. Simo-nelli’s rule, finding that he did not prove a change in circumstances after the 1989 consent judgment which would warrant modifying alimony under former C.C. Art. 160. Mr. Simonelli appealed that judgment, which we are here considering.
MOOTNESS
In a supplemental brief filed here on April 2,1992, Mrs. Simonelli argues that this appeal is now moot because the rulings of this court and the supreme court in the appeal of the 1991 judgment effectively left intact the 1989 consent judgment’s reference to the $400 per month alimony as “contractual alimony.” We agree.
A moot case is one which seeks a judgment or decree which, when rendered, can give no practical relief. Robin v. Concerned Citizens, St. Bernard, Inc., 384 So.2d 405 (La.1980). See also Trinidad Petroleum Corp. v. Pioneer Natural Gas Co., 416 So.2d 310 (La.App. 3d Cir.1982); Breaux v. First National Bank of Lafayette, 484 So.2d 300 (La.App. 3d Cir.1986); and Maybeno v. Battaglia, 28 So.2d 88 (Orl.App.1946).
Even if we agreed with Mr. Simonelli that he proved a change in circumstances that would warrant modification of alimony under former Art. 160, the alimony in question remains designated by the 1989 judgment as contractual, and not former Art. 160, alimony. We could not give Mr. Simo-nelli practical relief at this juncture because contractual alimony cannot be modified because of a change in the financial circumstances of one or both parties under former Art. 160. See and compare Wagner v. Wagner, 535 So.2d 1269 (La.App. 3d Cir.1988), writ denied, and Klein v. Klein, 485 So.2d 970 (La.App. 5th Cir.1986), writ denied.
CONCLUSION
In its present posture this appeal is moot. We dismiss the appeal without prejudice to Mr. Simonelli’s right to seek, in a direct action by ordinary process, to have the alimony fixed in the 1989 consent judgment judicially declared to be C.C. Art. 112 (former Art. 160) alimony, which is subject to modification when a sufficient change in circumstances is proved.
DECREE
At Mr. Simonelli’s cost, the appeal is dismissed as moot.
BROWN, J., dissents with reasons.