NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1082


MAUREEN JOYCE STOUT

VERSUS

LARRY GENE STOUT, SR.

************
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 95-003542
HONORABLE LILYNN A. CUTRER, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and David E. Chatelain,*
Judges.


**AFFIRMED.**

**Henry R. Liles**
**Attorney at Law**
**940 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-8529**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Maureen Joyce Stout**

* Honorable David E. Chatelain participated in this decision by appointment of the Louisiana
Supreme Court as judge *pro tempore.*

**Walter M. Sanchez**
**Attorney at Law**
**901 Lakeshore Drive**
**Suite 1050**
**Lake Charles, LA 70601**
**(337) 433-4405**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Larry Gene Stout, Sr.**

PETERS, J.

This appeal arises over the interpretation of a 1995 joint stipulation regarding the payment of final periodic support by Larry Gene Stout, Sr. (Larry) to Maureen Joyce Stout (Maureen), which became a part of the final judgment of divorce executed by the trial court on March 6, 1996. Larry appeals the trial court judgment rejecting his request for a termination or reduction of the support award. For the following reasons, we affirm the trial court judgment in all respects.

## DISCUSSION OF THE RECORD

The parties were married on August 20, 1966, and separated in June of 1995. On June 22, 1995, Maureen filed a petition for divorce, and this action ultimately resulted in a divorce judgment in her favor rendered on February 8, 1996, and signed by the trial court in its final form on March 6, 1996. On July 11, 1995, as the matter progressed to judgment, the parties entered into a joint stipulation wherein they agreed, among other things, that Larry was at fault in causing the breakup of the marriage and that Maureen was entitled to permanent alimony, i.e., permanent periodic spousal support. Specifically, with regard to the support issue, the joint stipulation contained the following language:

> 4. The parties agree and stipulate that LARRY GENE STOUT, SR. will pay permanent alimony to MAUREEN JOYCE STOUT, as follows:
>
> a. In the sum of $2,200.00 per month for approximately eighteen (18) months after the judgment of divorce is rendered, or until May 31, 1997;
>
> b. In the sum of $2,000.00 per month for the twelve-month period after the period described in a. above, being from June 1, 1997 through May 31, 1998;
>
> c. In the sum of $1,500.00 per month for a period of approximately five and one-half (5 1/2) years following the period described in b. above, or until the mortgage note with Hibernia National Bank on the home at 751 Redwood

Drive, Lake Charles, Louisiana, has been paid in full, which will be on or about November, 2003;

d. In the sum of $1,000.00 per month, commencing approximately December 1, 2003, or the month following payment in full of the mortgage on the home, until such time as MAUREEN JOYCE STOUT dies or remarries.

Based on this stipulation, the March 6, 1996 final judgment incorporated paragraphs (a) through (d) verbatim as an order of the court.

The matter is now before us because on March 20, 2008, Larry filed a rule to terminate or reduce the permanent periodic spousal support award.[1] Maureen answered the rule, asserting that the joint stipulation rendered the spousal support judgment unmodifiable, but alternatively requesting an increase in the support award if the trial court were to determine that the judgment could be modified. At the end of the October 20, 2008 hearing, the trial court took the matter under advisement. On June 3, 2009, the trial court issued written reasons for judgment dismissing Larry's request for relief based on its conclusion that the joint stipulation was not subject to modification. The trial court executed a judgment to this effect on July 4, 2009, and Larry perfected this appeal, asserting two assignments of error:

1. The trial court erred by failing to find that the wife has made a judicial admission that the alimony at issue is modifiable.

2. The trial court erred in construing the Joint Stipulation to waive the husband's statutory right to seek a modification of alimony.

---

[1]The trial court had previously dismissed a similar rule filed by Larry on August 2, 1996, based on Maureen's exception of no cause of action addressing the language of the stipulation. However, this court in *Stout v. Stout*, 97-1508 (La.App. 3 Cir. 10/7/98), 719 So.2d 727, reversed that judgment and remanded the matter for further proceedings. We note that the published opinion incorrectly omits the fact that this court's 1998 opinion was decided by a five-judge panel, consisting of Judges Yelverton, Cooks, Sullivan, Peters, and Pickett. The record contains no evidence that the August 2, 1996 rule was pursued following remand.

**OPINION**

In its reasons for judgment, the trial court factually concluded that the joint stipulation incorporated all the particulars of the community property division with the particulars of the permanent periodic spousal support agreement in one document, and that they were inseparable. Specifically, the trial court concluded that:

> the parties reached an agreement to [sic] spousal support and the division of their community property, which they set forth in the Joint Stipulation they executed. The Court finds that the parties' testimony evidence their mutual intent that the spousal payment plan be linked to the division of their community property. Mrs. Stout was giving up any claims or rights she might have to Mr. Stout's bonuses or other compensation. In exchange, she was receiving spousal support under the conditions set forth in their agreement and the amended divorce judgment.

In weighing the evidence to reach this conclusion, the trial court factually determined that Larry's testimony "was not completely credible or reliable."

***Assignment of Error Number One***

Larry asserts in this assignment of error that Maureen has judicially admitted that the permanent periodic spousal support award is modifiable. In support of this argument, he points to her September 17, 1996 answer and reconventional demand filed in opposition to his August 2, 1996 pleading wherein Maureen asserted that she "desires and is entitled to have the permanent spousal support increased." That is to say, Larry argues that by seeking an increase in the support award, Maureen judicially admitted that the stipulation was modifiable.[2]

Louisiana Civil Code Article 1853 provides that "[a] judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full

---

[2]We note that in her response to Larry's March 20, 2008 pleading, Maureen seeks an increase in the spousal support award as an alternate claim for relief in the event the court determines that the joint stipulation was subject to modification.

proof against the party who made it," and "[a] judicial confession is indivisible and it may be revoked only on the ground of error of fact." A judicial confession must be explicit, not merely implied. *Monfore v. Self*, 99-459 (La.App. 3 Cir. 12/8/99), 755 So.2d 907. Further, for a party's statement in an answer to a petition to be a judicial confession, it must expressly acknowledge an adverse fact. *Perry v. Perry & Sons Vault & Grave Serv.*, 03-1519 (La.App. 3 Cir. 5/12/04), 872 So.2d 611, *writs not considered*, 04-1616, 04-1504, 04-1610 (La. 10/1/04), 883 So.2d 1011-12; *Armand v. Rapides Bank & Trust Co.*, 98-1664 (La.App. 3 Cir. 4/7/99), 732 So.2d 719, *writ denied*, 99-1318 (La. 6/25/99), 746 So.2d 604.

We find that Maureen's request for relief as expressed in her 1996 reconventional demand did seek an increase in the permanent spousal support payable to her but did not specifically allege that the award of spousal support was modifiable. Further, while the intention of each party to the joint stipulation is a factual issue, the ultimate question of whether the spousal support is subject to modification is a legal issue. Therefore, it is not a matter to which Maureen could enter a judicial confession.

Accordingly, we find no merit in the first assignment of error.

***Assignment of Error Number Two***

Larry next argues that the trial court erred in concluding that the 1996 joint stipulation was not subject to modification. We disagree. A husband and wife can provide for spousal support award after divorce by a contract that is enforceable according to its own terms or the proven intent of the parties and is considered a consent decree. *Slocum v. Slocum*, 97-1569 (La.App. 3 Cir. 4/08/98), 712 So.2d 930; *Romero v. Romero*, 509 So.2d 681 (La.App. 3 Cir. 1987), *writ not considered*, 512

4

So.2d 427 (La.1987); and *Cunningham v. Cunningham*, 448 So.2d 910 (La.App. 3 Cir. 1984); Nonetheless, Larry argues that the award is subject to modification because, at the time he and Maureen entered into the joint stipulation, La.Civ.Code art. 232 provided that alimony was subject to modification by the court and that "laws existing at the time a contract is entered into are incorporated into and form a part of the contract as though expressly written." *Green v. New Orleans Saints*, 00-795, p. 6 (La. 11/13/00), 781 So.2d 1199, 1203. We agree with Larry's statement of the law in this regard. However, in the matter before us, Larry and Maureen bargained away their right to have the amount of spousal support determined by the court, and the spousal support issue ceased to be governed by the provisions of the Louisiana Civil Code concerning modification. *See Wagner v. Wagner*, 535 So.2d 1269 (La.App. 3 Cir. 1988), *writ denied*, 538 So.2d 592 (La.1989); and *Romero*, 509 So.2d 681. Instead, the parties became governed by the provisions of their joint stipulation.

In considering the joint stipulation, we are bound by the law of contracts, and begin by acknowledging that "interpretation of a contract is the determination of the common intent of the parties." La.Civ.Code art. 2045. Louisiana Civil Code Article 2046 states that "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."

When this matter was previously before us in *Stout*, 719 So.2d 727, a divided panel of this court concluded that the joint stipulation "is specific as to the duration of alimony, but is silent on whether the parties intended to prohibit modification based upon a change in circumstances." *Id.* at 730. Based on this conclusion and the conclusion that "the pleadings raise serious questions about the intent of the parties

5

that are more properly addressed at trial on the merits," this court reversed the trial court's grant of Maureen's exception of no cause of action and remanded the matter to the trial court for further proceedings.[3]

Both Larry and Maureen testified concerning their individual intent at the October 20, 2008 hearing, and the trial court considered that testimony in reaching its decision. Larry does not seriously argue that spousal support may be terminated completely. Therefore, the only issue before the trial court, and now before this court, is whether the amount may be increased or decreased. "[O]ther evidence, including but not limited to the testimony of the parties, a community property settlement, or a written stipulation, is admissible to determine the intent of the parties." *Ray v. Ray*, 05-873, p. 6 (La.App. 1 Cir. 3/23/07), 960 So.2d, 174, 178. Determination of the parties' intent is a question of fact, and the trial court's determination of their intent is entitled to great weight. *King v. Strohe*, 95-656 (La.App. 3 Cir. 5/8/96), 673 So.2d 1329. In reviewing the trial court's factual finding on the question of intent, we must apply the manifest error-clearly wrong standard. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993). That is to say, in order to reverse the trial court's finding, we must conclude that there is no factual basis in the entire record for its determination and that the factual finding is clearly wrong or manifestly erroneous. *Id.* The issue is not whether the trial court was right or wrong; the issue is whether its conclusion was reasonable. *Id.*

---

[3]We note that in reaching its decision to reverse the trial court, the panel did not mention the fact that the stipulation set forth specific amounts for specific periods, or that it was executed in conjunction with a community property agreement. However, we also note that the panel was faced with an exception of no cause of action and not a trial on the merits, and that the panel recognized that no evidence could be introduced on the hearing on the exception of no cause of action. La.Code Civ.P. art. 931.

Larry testified that when he executed the joint stipulation, he believed that the award of spousal support was modifiable as to the amount and the duration. He further testified that when he signed the joint stipulation, he did not know it included a provision that Maureen would receive spousal support until her death or remarriage and that he did not agree to that provision. In fact, he suggested that Maureen's attorney had "slipped in" that provision. Larry also explained that he did not read the joint stipulation before signing it.

Maureen contradicted Larry's testimony. She asserted that she and her former husband fully negotiated the terms of the joint stipulation and specifically agreed that she would receive permanent periodic spousal support until her death or remarriage. Additionally, she testified that the amounts were negotiated based on her agreement not to attempt to receive additional money from Larry's 401-K plan or his thrift plan, and her waiver of any future rights for an increase when Larry received raises or bonuses. Maureen testified that before he signed the joint stipulation, Larry read the document "word by word."

In finding Larry to be less than credible, the trial court noted that he is a knowledgeable businessman who has been employed as the general manager of the Lake Charles Coca-Cola plant and that he is accustomed to reading documents and having attorneys review documents prior to signing them. Thus, the trial court concluded that the parties intended that there would be no modification of the duration or amounts of the joint stipulation. We find no manifest error in the trial court's factual determinations with regard to the intent of the parties. Having found no manifest error, we find no merit in this assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment in all respects.

We assess all costs of this appeal to Larry Gene Stout, Sr.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.