BOLIN, Judge.
Volkswagen Insurance Company instituted this action for $1,176.94 which it had paid under its policy of insurance to its insured, Mr. and Mrs. Hatcher, for damage to the latters’ station wagon. Made defendants are Paul Bishop, whose negligence was stipulated to be the cause of an accident between his car and that of the Hatchers, and Mr. and Mrs. Hatcher, who had received the payment from their insurer and had subsequently executed a release to Paul Bishop for all claims which they might have against him. Both Bishop and the Hatchers brought third-party petitions against each other in the event either was cast for damages. The lower court, after trial on the merits, rendered a written opinion and awarded Volkswagen Insurance judgment as prayed for against Bishop but denied its claim against the Hatchers and rejected Bishop’s third-party demands against the Hatchers. From this judgment both Bishop and Volkswagen appeal.
On January 26, 1967, Mrs. Hatcher, accompanied by her young son, was driving the Hatchers’ station wagon on Kingstown Road, near Shreveport, Louisiana, and had stopped in obedience to a stop sign before entering Louisiana Highway' 526. While thus stopped, an automobile, owned and operated by Bishop, struck the Hatcher vehicle from the rear. The cause of the accident was admittedly the fault of Bishop, who was arrested on charges of driving while .intoxicated and negligent injury.
Both Mrs. Hatcher and her son were injured and the Hatchers’ automobile was practically demolished. Volkswagen Insurance Company, the collision insurer, considered the vehicle a total loss and paid the Hatchers $1551, the estimated value of the car less $100 deductible. Salvage value of the vehicle amounted to $374.26 which reduced plaintiff’s loss to $1176.94, the amount demanded in the petition.
Subsequently, the Hatchers employed an attorney to seek recovery of their damages from Bishop, who was uninsured. The petition included a claim for $1700 property damage. On or about April 15, 1967, after the mentioned suit was filed, attorneys for the Hatchers and Bishop commenced negotiations for settlement of the lawsuit. About two weeks later Bishop paid the Hatchers $11,600 in return for a release phrased as follows:
“RELEASE
STATE OF LOUISIANA:
PARISH OF CADDO:
WE, the undersigned, KENNETH E. HATCHER, individually and as Administrator of the estate of his minor son, KEVIN S. HATCHER, under authority of the judgment of the Court in Proceeding No. 179,080, on the docket of the First Judicial District Court, Caddo Parish, Louisiana, entitled “In re: The Minor Kevin Starr Hatcher”, and MRS. SHEILA E. HATCHER, do hereby release and acquit PAUL BISHOP of any and all liability whatsoever arising out of an automobile accident which occurred on January 26, 1967, involving a 1966 Volkswagen then being driven by Mrs. Sheila E. Hatcher and occupied by her minor son, Kevin S. Hatcher, and a 1963 Ford Sedan owned and operated by Paul Bishop.
The undersigned further state that this release is meant to be total and includes a rélease from any and all liability which has accrued or may accrue against Paul Bishop, including property damage and *467 personal injuries and medical expenses and all other expenses.
Done and signed at Shreveport, Louisiana on this 1st day of May, 1967.
/s/ Kenneth E. Hatcher_ KENNETH E. HATCHER,
Individually and as Administrator of the Estate of his minor son, Kevin S. HATCHER
/s/ Sheila E. Hatcher_ SHEILA E. HATCHER”
At the time of the above settlement and release Bishop was scheduled to be sentenced the next day on his plea of guilty to the criminal charges mentioned earlier. On December 12, 1967, Volkswagen instituted the present suit as subrogee of the Hatchers. Plaintiff’s insurance policy, attached to its petition, contained the usual subrogation clause.
Plaintiff’s payment to the Hatchers effected a binding subrogation agreement which deprived the subrogors of their claim against Bishop, except for the $100 deductible. The rationale is succinctly stated by the supreme court in Forcum-James Co. v. Duke Transportation Co., 231 La. 953, 93 So.2d 228 at 232:
“The requirement of Article 2160 of the Civil Code that the subrogation be expressed and made- at the same time as the payment has not been rigidly adhered to by the jurisprudence. In fact, it is now well settled that parol evidence may be admitted to prove an agreement for subrogation. In the leading case of Cooper v. Jennings Refining Co., 118 La. 181, 42 So. 766, it was found that an oral agreement for subrogation, coupled with the mere subsequent sending of a check, was sufficient to sustain a conventional subrogation. * * * ”
Despite the foregoing rule, Bishop denies any liability to plaintiff, alleging the settlement agreement released him from all liability for personal injury or property damage arising out of the accident. He relies on the language of the release which, without more, would lend credence to his position. However, during trial of the issue Bishop admitted receiving three letters from Volkswagen advising him the company expected him to pay the property damage loss incurred by its insured. Bishop testified he turned the letters over to his attorney, who likewise admitted their receipt but had done nothing about them. (The attorney who represented Bishop during the settlement negotiations is not the attorney representing Bishop on this appeal.)
Parol testimony was admitted into evidence during trial to explain the intent and effect of the release agreement. The trial judge reasoned that since the release expressed no consideration, evidence as to what was said before and at the time of the signing was admissible to show the true consideration. We find no error in this conclusion. Louisiana Civil Code Article 3073 has been liberally construed to allow parol evidence to prove what the parties intended in a compromise or settlement. See American Metal Window Company v. St. Tammany Parish School Board (La.App. 1 Cir.1966), 183 So.2d 667, and cases cited. See also Le Blanc et al. v. Brou et al. (La.App. 1 Cir.1967), 205 So.2d 141, wherein the court, in passing on the effect of a compromise, said:
“Article 3073 of the Civil Code limits the effect of such compromises only to the matters which 'appear clearly to be comprehended in them by the intention of the parties’. Parol evidence may be received to show the existence of any vices of consent which might affect the validity of the compromise, or to prove what the parties intended to be covered thereby. Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961).”
To substantiate the Hatchers’ defense, that they did not intend to compromise or release so much of the claim as had been acquired by Volkswagen by subrogation, *468 the testimony of the attorney who negotiated the settlement and prepared the release for the Hatchers to sign, was admitted. He testified he specifically told Bishop’s attorney the release of the claim for property damages included only so much of the claim as was still owed by the Hatchers, i. e. the $100 deductible. He advised the attorney on two occasions the remainder of the property damage was “between the insurer and Bishop”.
We conclude the trial judge properly overruled the objection to this testimony and correctly concluded the evidence established a valid legal subrogation in favor of plaintiff prior to the date of the release.
Further, Bishop’s attorney was aware of the outstanding subrogation and understood fully the claims which the Hatchers were releasing did not include plaintiff’s claim, and this knowledge is imputed to Bishop. Additionally, we agree with the trial judge the Hatchers did nothing to prejudice their insurer’s rights under the subrogation and cannot be held legally liable, with Bishop, for plaintiff’s inability to collect from the tort-feasor.
The judgment of the lower court is affirmed at appellants’ cost.