535 So.2d 1269 (1988)
Kenneth A. WAGNER, Plaintiff-Appellant,
v.
Marilyn Phillips WAGNER, Defendant-Appellee.
No. 87-994.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1988.
Writ Denied February 24, 1989.
Helen S. Johnson, Lafayette, for plaintiff-appellant.
Dennis A. Vidrine, David Blanchet, Lafayette, for defendant-appellee.
Before GUIDRY, FORET and KNOLL, JJ.
GUIDRY, Judge.
Plaintiff-appellant, Kenneth Wagner, appeals from a judgment dismissing his rule to revoke or modify permanent alimony.
On February 15, 1979, Kenneth filed suit for separation from bed and board against Marilyn. The parties entered into a joint stipulation dated May 11, 1979. The stipulation provided that Marilyn was to have custody of the minor children and receive child support in the amount of $300.00 per month per child during their minority. It was also stipulated that Marilyn would receive $900.00 per month as permanent alimony, to be increased at the rate of ten percent (10%) per annum, until she either died or remarried. Lastly, Kenneth was obligated to provide medical insurance for the benefit of Marilyn and the minor children, *1270 as well as certain life insurance policies. The stipulation was reduced to a judgment on May 21, 1979.
On July 9, 1979, the parties entered into a community property settlement which allocated the community property among them.
A petition for divorce was filed by Kenneth on March 31, 1980. Marilyn answered the petition admitting all of the allegations thereof. The petition prayed for incorporation of all of the provisions of the separation judgment in the judgment of divorce. Marilyn waived her right to notice of trial and the right to be present at trial. The judgment of divorce dissolved the Wagner's marriage and incorporated therein the stipulations previously entered into regarding alimony and child support. The only addition to the divorce judgment was the addition of a New York Life Insurance Company policy to the other policies previously mentioned, of which Marilyn was to be maintained as beneficiary. This judgment is dated April 1, 1980.
In August of 1986, Marilyn began to question Kenneth's computation of the amount of permanent alimony owed to her. Kenneth, in response, filed a rule to revoke or modify permanent alimony. He also sought to be relieved of maintaining insurance policies on his children and former wife. Alternatively, he asked the court to clarify the amount he was to pay with respect to the per annum increase, if the court refused to revoke or reduce the permanent alimony.
Marilyn responded by filing a rule for past due alimony and attorney's fees, based upon her contention that Kenneth had not correctly calculated the amount of per annum increase in permanent alimony. In defense of her position, with respect to Kenneth's petition to revoke or reduce alimony, Marilyn filed an exception of no right of action and of transaction or compromise.
On March 9, 1987, the trial court heard both rules. The trial court issued written reasons for judgment and a judgment, in accordance with those reasons, was signed on May 21, 1987. The judgment denied Kenneth's rule to revoke or modify permanent alimony; clarified the rate of increase per annum; ordered that Kenneth was no longer required to maintain medical insurance for the benefit of the children; ordered Kenneth to maintain the New York Life Insurance Company policy naming Marilyn as beneficiary; denied Marilyn's claim for past due alimony and attorney's fees; and, sustained the exception of no right of action and of transaction or compromise filed by Marilyn. Kenneth appealed. Marilyn did not appeal or answer Kenneth's appeal.
On appeal, Kenneth assigns two errors, both of which relate to the trial court's refusal to revoke or modify the permanent alimony award.
The trial judge assigned the following written reasons for his refusal to revoke or modify the award of permanent alimony:
"A consent or compromise judgment is a bilateral contract by which parties adjust their differences by mutual consent. The Court finds that the intent and motive of the parties in making this provision of the contract is ambiguous and as such, parole [sic] evidence must be admitted to show the intent and motives of the parties.
Mr. Wagner testified that he agreed to pay Mrs. Wagner alimony for the rest of her life if she would not look into his pension and profit sharing plan. Mrs. Wagner's testimony corroborates this fact and adds that, to insure the above, Mr. Wagner agreed to name her as beneficiary of his life insurance.
The Court finds that the parties intended the permanent alimony to continue until Mrs. Wagner's death or remarriage. The motive of such a contract was simply a trade-off. Mrs. Wagner bargained away her rights in the pension and profit sharing plan without the benefit of knowing how much was in the plan for an obligation from her husband to pay a definite amount of alimony for life or until remarriage. Mr. Wagner bargained away his rights to decrease alimony for his wife's interest in the pension and *1271 profit sharing plan without knowing how much was in the plan. Therefore, Mr. Wagner's rule to decrease alimony is denied...."
Appellant first urges that the trial court erred in admitting and considering parol evidence establishing the parties' state of mind when the stipulation was entered into. Appellant argues that only the "four corners" of the written stipulation should be considered. We find no merit in this contention.
The trial court correctly concluded that the stipulation in question was a transaction or compromise made pursuant to the authority granted by La. C.C. art. 3071. The trial judge also concluded that the stipulation was ambiguous and that parol evidence was admissible to clarify the intent of the parties.
Parol evidence is admissible to clarify the intent of the parties where a contractual stipulation is ambiguous. Also an agreement of transaction or compromise is limited in scope and only regulates what the parties intended and clearly comprehended it would regulate. La. C.C. Art. 3073. Evidence is therefore admissible to determine what the parties intended to regulate by the transaction or compromise. The rule concerning parol evidence is liberally construed with regard to agreements of transaction or compromise. La.C.C. art. 3073; Volkswagen Insurance Co. v. Bishop, 231 So.2d 465 (La.App.2d Cir.1970); Munna v. Mangano, 404 So.2d 1008 (La.App. 4th Cir. 1981); Sauerwin v. State Farm Mutual Automobile Ins. Co., 490 So.2d 449 (La. App. 5th Cir.1986). The trial court did not err in admitting this evidence.
Appellant next urges that the trial court erred when it sustained appellee's affirmative defense of transaction or compromise and refused to consider evidence offered by him showing a change in circumstances allegedly warranting revocation or modification of the previous alimony award.
This court recently rejected this very contention under somewhat similar factual circumstances. In Romero v. Romero, 509 So.2d 681 (La.App. 3rd Cir.1987), writ not considered, 512 So.2d 427 (La.1987), the issue presented was whether the obligation to pay alimony, based on a contract providing that the husband pay the wife $500.00 alimony per month after divorce until death or remarriage, terminates when the wife enters into open concubinage. The husband in that case contended that his obligation for payment of alimony terminated by operation of law pursuant to the provisions of La.C.C. art. 160 A(4). In rejecting this contention, we stated:
"The joint stipulation prepared by the husband's attorney and signed by both parties is a valid and binding contract. Both parties had capacity. There was a lawful cause. Appellee agreed to pay appellant $500 per month if she would give up custody of their minor children and the use and occupancy of the community home. If the parties had simply allowed the court to determine the amount of alimony, that award would have been governed by La.Civ.Code art. 160 and would have been subject to modification by the court. As it is, appellee bargained away his right under La.Civ. Code art. 160 to have post-divorce alimony terminated when it was no longer necessary. See King v. King, 390 So.2d 250, 254 (La.App. 3rd Cir.1980), writ denied 396 So.2d 884 (La.1981). At the same time, appellant bargained away any right she may have had to seek alimony beyond the terms of the agreement. Both parties consented to the contract as evidenced by their signatures upon it.
La.Civ.Code art. 1983 provides that `[c]ontracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law.' Therefore, it was the duty of the trial court to interpret the disputed provision of the contract according to its text without reference to what might have been the result had the parties agreed to be governed by the applicable code articles. Stipulations between parties in a specific case are binding upon the trial court in the disposition of that case where the stipulations are not in derogation of the law. General *1272 Investment, Inc. v. Thomas, 400 So.2d 1081 (La.App. 4th Cir.1981)."
The contention of appellant in this case differs from that made in Romero, supra, only in the reason under La.C.C. art. 160 A(4) which allegedly would support a decree terminating alimony, i.e., a distinction without a difference. We adhere to the conclusion reached by this court in Romero, supra, that the contract of transaction or compromise entered into by the parties is binding upon the parties and is not subject to modification or termination by the court pursuant to La.C.C. art. 160 A(4).
For these reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.