628 So.2d 1194 (1993)
James C. CRUMLING, Sr., Plaintiff-Appellant,
v.
Diana Lynn CRUMLING, Defendant-Appellee.
No. 93-346.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1993.
*1195 Jo B. Chandler, Gary J. Haynes, Lafayette, for James C. Crumling, Sr.
Barry Joseph Sallinger, Lafayette, for Diana Lynn Crumling.
Before LABORDE, COOKS and DECUIR, JJ.
LABORDE, Judge.
Two years or so after agreeing to pay defendant alimony of $400 per month in a Stipulated Judgment, plaintiff now seeks to have his alimony payments reduced due to an alleged change in circumstances on the part of both ex-spouses. Apparently relying on Wagner v. Wagner, 535 So.2d 1269 (La.App. 3d Cir.1988), writ denied, 538 So.2d 592 (La. 1989) (stipulated permanent alimony payable "until death or remarriage" cannot be reduced notwithstanding change in circumstances), *1196 the trial court sustained defendant's Exception of No Right or Cause of Action. We reverse.

HISTORY
Plaintiff filed for divorce more than six months after receiving a March 18, 1989, judicial separation. His petition sought joint custody of his and Mrs. Crumling's minor child, recognition of his half interest in the community, and peaceful use and occupancy of the marital home. In her answer, defendant acceded to plaintiff's demands but further prayed to be found free from fault and entitled to alimony and alimony pendente lite.
The parties eventually came to terms as to division of the community, alimony, and child support. Mr. Crumling agreed to give Mrs. Crumling one-half of his retirement and one-half of the shares of stock in his General Electric Savings and Security Plan. In return, defendant would disavow any future interest. Additionally, Mr. Crumling would keep the marital home but be responsible for mortgage payments, while Mrs. Crumling would pay $3,425.00 and retain the couple's automobile. Terms were also struck between the parties as to child support and alimony. Defendant as domiciliary parent of the couple's remaining minor child would receive $400 monthly for child support in addition to the $400 she would receive for alimony each month.
A Stipulated Judgment containing these terms was incorporated by express reference into the Judgment of Divorce of November 9, 1990.
Concerning the present controversy, Mr. Crumling filed a rule to have his former spouse's alimony reduced. Mrs. Crumling opposes Mr. Crumling's efforts on the ground that Mr. Crumling's effort is barred by the consent judgment previously entered into between the parties.
Our sole issue concerns the duration of alimony owed Mrs. Crumling. The stipulation between the parties provided that plaintiff "shall pay alimony to DIANA LYNN CRUMLING in the monthly sum of FOUR HUNDRED AND NO/100 ($400.00) DOLLARS." Mrs. Crumling suggests that this language implicitly requires Mr. Crumling to pay $400.00 per month in alimony for as long as both spouses are alive. Apparently relying on Wagner v. Wagner, supra, and the authority it cites, Romero v. Romero, 509 So.2d 681 (La.App. 3d Cir.), writ denied, 512 So.2d 427 (La.1987) (former husband bound forever by stipulation that former husband would pay permanent "until former wife's death or remarriage"), and King v. King, 390 So.2d 250 (La.App. 3d Cir.1980), writ denied, 396 So.2d 884 (La.1981) ("... until remarriage"), the trial court sustained Mrs. Crumling's Exception of No Right or Cause of Action and dismissed plaintiff's rule to reduce or eliminate permanent alimony.

EXCEPTION OF NO CAUSE OF ACTION
In this action Mr. Crumling seeks a reduction in alimony alleging a change in circumstances. The trial court granted Mrs. Crumling's peremptory exception of no cause of action. Our review of the pleadings leads us to a contrary result.
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition and is triable on the face of the papers; for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984); Darville v. Texaco, Inc., 447 So.2d 473 (La.1984); Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971).
Kuebler v. Martin, 578 So.2d 113, 114 (La. 1991). The exception must be overruled unless the allegations affirmatively establish that under no facts admissible under the allegations of the petition does the plaintiff have a cause of action; any doubts must be resolved in favor of the sufficiency of the pleadings to state a cause of action. Young *1197 v. Central Louisiana Legal Services, 432 So.2d 1072, 1074 (La.App. 3d Cir.1983) and cites therein. On appeal, such an exception should be sustained only if it is clearly shown that the law affords no remedy for the grievances alleged, under the circumstances alleged, under any theory of the case. Williams v. Hattan, 594 So.2d 977 (La.App. 3d Cir.), writ denied, 600 So.2d 606 (La.1992).
Although not imperative under either the Civil Code or public policy, Aldredge v. Aldredge, 477 So.2d 73, 74-75 (La.1985), the general rule is that proof of a change in circumstances is necessary for modification of alimony, regardless of whether the judgment appealed from derives from consent or from an adversarial proceeding. Ducote v. Ducote, 339 So.2d 835, 837 (La.1976) (consent); Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973) (consent) (overruling prior jurisprudence); Kirby v. Kirby, 579 So.2d 508, 515 (La.App. 4th Cir.), writ denied, 582 So.2d 1308 (La.1991) (consent); Vest v. Vest, 579 So.2d 1190 (La.App. 5th Cir.), writ denied, 586 So.2d 564 (La.1991) (consent). See also, Lachney v. Lachney, 553 So.2d 1071 (La. App. 3d Cir.1989) (adversarial); Fox v. Fox, 526 So.2d 509 (La.App. 3d Cir.1988) (adversarial).
In the present action, plaintiff alleges several changes in circumstances of the type that would justify a change in alimony. See generally LSA-CC art. 112 (formerly art. 160). First, he alleges that his wife earns more now than she did at the time of the parties' divorce, Russell v. Russell, 520 So.2d 435, 439-440 (La.App. 3d Cir.1987), writ denied, 520 So.2d 119 (La.1988), cert. denied, 490 U.S. 1097, 109 S.Ct. 2447, 104 L.Ed.2d 1002 (1989); second, that one of their major children living with Mrs. Crumling is employed and capable of sharing some of Mrs. Crumling's expenses, Kirby v. Kirby, 579 So.2d 508, 516 (La.App. 4th Cir.), writ denied, 582 So.2d 1308 (La.1991), Clary v. Clary, 550 So.2d 854, 857 (La.App. 2d Cir. 1989) and cites therein, and Russell, supra; and finally that adequate time has passed for defendant to have rendered herself self-sufficient. Kirby, supra.
Thus, the only way Mrs. Crumling's peremptory exception can be sustained would be for her to show that the alimony stipulation operates as a contractual bar to its adjustment, notwithstanding Mr. Crumling's claims, accepted as true, of the parties' changes in circumstances. The question thus becomes whether the alimony stipulated to by the parties necessarily was intended to persist until Mr. or Mrs. Crumling's death (or possibly Mrs. Crumling's remarriage). We think not. First, the stipulation itself is inconclusive as to the duration of alimony contemplated, and nothing can be gleaned from the very limited record properly before us to show that the parties intended the alimony payments to continue forever. Second, no authority exists that such agreements should be presumed to last forever.
The cases cited by Mrs. Crumling, Wagner, Romero, and King (stipulations for payment of alimony "until death and/or remarriage"), supra, barred alimony modifications on the basis of open concubinage or changes in circumstances because each involved alimony stipulations containing explicit guidance as to the duration of alimony payments. As such, they represent exceptions to the general rule that either spouse may seek a change in alimony on the basis of a change in circumstances. Absent a showing that some exception applies, however, the general rule is applicable. Cambridge Corner Corp. v. Menard, 525 So.2d 527, 530, text accompanying n. 6 (La.1988); Testa Distributing Co., Inc. v. Tarver, 584 So.2d 300, 312 (La.App. 3d Cir.1991) and n. 9. Mrs. Crumling asks us to impose upon her former spouse the obligation to support her forever regardless of any changes in his or her fortune, but it is not for us to impose upon parties a heavier burden than that called for by the redactors of the Civil Code. See generally, Backhus v. Transit Cas. Co., 549 So.2d 283, 291 (La.1989); and State v. Department of Civil Service, 214 La. 683, 38 So.2d 385 (1948).

EXCEPTION OF NO RIGHT OF ACTION
An exception of no right of action is a peremptory one, LSA-CCP 927, used to *1198 terminate suits brought by those having no interest in enforcing judicially the right asserted. Wonycott v. Wonycott, 579 So.2d 506, 508 (La.App. 4th Cir.1991), citing Lambert v. Donald G. Lambert Construction Co., 370 So.2d 1254 (La.1979). The main function of a peremptory exception of no right of action is to raise the question of whether a remedy afforded by law can be invoked by a particular plaintiff. Moyers v. Altmann, 594 So.2d 6, 8 (La.App. 3d Cir.1992). When it can reasonably do so, the court must overrule such peremptory exceptions so as to afford the litigant an opportunity to present his evidence. Kuebler, supra, and cites therein contained.
Having concluded that either party to an alimentary stipulation may seek to modify alimony upon a showing of change in circumstance absent some agreement to the contrary, we now turn to the far easier question of determining whether such relief may be granted to plaintiff in these proceedings.
Both Mr. and Mrs. Crumling aver that they once were married and that Mr. Crumling has been paying alimony to Mrs. Crumling. Mr. Crumling alleges a change in circumstances and seeks to reduce alimony payments to his former spouse on that basis. As the former spouse required to pay alimony Mr. Crumling is the party with a "real and actual interest" in the litigation, LSA-CCP art. 681, and falls within the general class in whose favor the law grants the cause of action sought to be asserted by the present action. See generally, G.I. Joe, Inc. v. Chevron U.S.A., Inc., 561 So.2d 62, 64 (La. 1990); Moss v. Coury, 602 So.2d 175, 178 (La.App. 3d Cir.1992).

CONCLUSION
A review of the limited record before us raises some question as to whether either spouse's circumstances have changed substantially enough to warrant a reduction of alimony. Nonetheless, our review being limited to the pleadings filed by plaintiff and accepted as true, we reverse and remand to the finder of fact to determine whether the parties contemplated alimony of some particular duration and, if not, whether any legally cognizable change in circumstances has occurred since the parties' divorce.
Costs assessed to defendant-appellee.
REVERSED AND REMANDED.