705 So.2d 1158 (1997)
Deron BLAND
v.
Connie Thibodaux BLAND.
No. 97 CA 0329.
Court of Appeal of Louisiana, First Circuit.
December 29, 1997.
*1159 Joan M. Malbrough, Houma, for Plaintiff/Appellant Deron Bland.
Norval J. Rhodes, Houma, for Defendant/Appellee Connie Thibodaux Bland.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment granting an increase in permanent alimony which had been previously awarded pursuant to a consent judgment.

BACKGROUND
Appellant, Deron Bland ("Mr.Bland") was married to Connie Thibodaux Bland ("Mrs. Bland"). Mr. Bland filed a petition for divorce, in which he alleged that Mrs. Bland was entitled to be paid alimony until remarriage in the amount of $300 a month. In her answer to the petition for divorce, Mrs. Bland admitted all of the allegations in the petition. A consent judgment was rendered by the trial court on February 19, 1993, granting the parties a divorce and awarding Mrs. Bland $300 a month permanent alimony until her remarriage.[1] Nine months later, the parties executed and filed a Settlement of Community Property. This document divided the parties' assets and liabilities between them. It made no reference to any alimony payments or obligations.

FACTS
On December 19, 1995, Mrs. Bland filed a rule to show cause why the awards of child support and alimony should not be increased because of an increase in Mr. Bland's income. Mr. Bland responded by filing a motion to revoke or terminate alimony. In this motion, Mr. Bland argued that Mrs. Bland was no longer entitled to receive alimony because she was employed and able to earn a comfortable living. Additionally, Mr. Bland asserted that Mrs. Bland was living in open concubinage with another man, warranting *1160 the termination of alimony under Louisiana law.
A hearing was held on the rules on March 15, 1996, at which the trial court granted an increase in the prior child support award to $858 a month. Additionally, after hearing testimony from the parties and their respective witnesses, the trial court determined that there was no proof of the open concubinage allegation. The parties agreed to take up the rule to increase alimony at a later date to allow the parties the opportunity to exchange information pertinent to the alimony rule. The minutes of the hearing reflect that the parties were to exchange information on the alimony issue by a certain date, submit memos to the court on the alimony issue, and return to court on April 19, for a hearing on the alimony issue, unless they agreed to submit the issue to the court for a ruling based on the memorandums. A judgment setting forth the trial court's ruling was signed on April 18.
Apparently, on the same day that the judgment on the child support and open concubinage issues was signed, the trial court ordered in open court that Mrs. Bland was entitled to an increase in alimony. On April 19, the trial court signed a judgment increasing Mrs. Bland's alimony award to $650 a month. All previous orders of the court remained in full force and effect.
Mr. Bland filed a motion for new trial on the grounds that he had never received any information from Mrs. Bland on the alimony issue, no memorandums on the issue had been filed with the court and his attorney was not served with notice of the April 18 hearing until the late afternoon of April 17. The trial court subsequently granted Mr. Bland's motion for new trial.
On July 9, Mr. Bland was permitted by the trial court to substitute his former counsel with new counsel. This substitution was followed by Mr. Bland's filing of a peremptory exception pleading the objection of no cause of action. For the first time, Mr. Bland argued that the alimony awarded in the consent judgment was not modifiable because the consent judgment did not provide for an increase based on a change in circumstances.
A trial on the alimony rule was held, at the conclusion of which, the trial court took the matter under advisement. A judgment was subsequently rendered in favor of Mrs. Bland, awarding her permanent alimony of $700 a month. In its reasons for judgment, the trial court determined that the right to seek an increase in alimony did not have to be specifically reserved in a consent judgment because it was a right provided by law. Instead, the right to seek an increase in alimony would have to be dispensed with in the consent judgment if the parties wanted to prevent each other from seeking a subsequent modification based upon a change in circumstances. Because the subject consent judgment did not restrict the parties from seeking a modification of alimony based on a change in circumstances, Mrs. Bland had a cause of action for an increase. The trial court further found that Mrs. Bland proved her entitlement to an increase in alimony, by showing both her need for an increase and Mr. Bland's ability to pay for the increased alimony award.
Mr. Bland appeals from the judgment awarding an increase in alimony. He asserts the following assignments of error:
I. The trial court erred in not regarding the Consent Judgment as a contractual agreement between the parties.
II. The trial court erred in overruling the Exception of No Cause of Action.
III. Alternatively, the alimony awarded is excessive.

PEREMPTORY EXCEPTION RAISING THE OBJECTION OF NO CAUSE OF ACTION
Mrs. Bland sought an increase in alimony based on a change in circumstances. After Mr. Bland filed his own motion to terminate alimony, he argued that Mrs. Bland had no cause of action for a modification of alimony because the consent judgment provided that the alimony would continue until Mrs. Bland's remarriage. The trial court rejected this argument and found that the consent judgment did not prevent Mrs. Bland from seeking an increase in alimony. Accordingly, it denied the peremptory exception raising the objection of no cause of action.
*1161 The objection of no cause of action is properly raised by the peremptory exception. The exception of no cause of action questions "whether the law extends a remedy to anyone under the factual allegations of the petition." Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015, p. 5, n. 3 (La.11/30/94); 646 So.2d 885, 888, n. 3; Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010, p. 5 (La.App. 1st Cir. 3/27/97); 691 So.2d 751, 754, writ denied, 97-1066 (La. 6/13/97); 695 So.2d 982. The purpose of an exception pleading the objection of no cause of action is to determine the sufficiency in law of the petition. City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690, p. 2 (La.7/5/94); 640 So.2d 237, 241; Treasure Chest, 691 So.2d at 754.
Generally, no evidence may be introduced to support or controvert the exception. Treasure Chest, 691 So.2d at 754. However, as set forth in City National Bank of Baton Rouge v. Brown, 599 So.2d 787, 789 (La.App. 1st Cir.), writ denied, 604 So.2d 999 (La.1992), the jurisprudence recognizes an exception to this rule, which allows the court to consider evidence which is admitted without objection to enlarge the pleadings. Treasure Chest, 691 So.2d at 754. Otherwise, the exception is triable on the face of the pleadings, and, for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. City of New Orleans v. Board of Commissioners of Orleans Levee District, 640 So.2d at 241; Treasure Chest, 691 So.2d at 754. The court must determine if the law affords plaintiff a remedy under those facts. Treasure Chest, 691 So.2d at 754.
When a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled. Any doubts are resolved in favor of the sufficiency of the petition. Treasure Chest, 691 So.2d at 755.
In order to determine whether Mrs. Bland has a cause of action for an increase in alimony, we must determine whether alimony which is awarded through a consent judgment may be modified.
In general, an alimony award, once fixed, either by trial or pursuant to a consent judgment, is subject to change only where a substantial change of circumstances in either party can be shown. See Smith v. Smith, 95-1661, pp. 2-3 (La.App. 1st Cir. 4/30/96); 674 So.2d 364, 365, writ denied, 96-1457 (La.9/20/96); 679 So.2d 435 (emphasis added); Kirk v. Kirk, 413 So.2d 592, 593 (La.App. 1st Cir.1982). Thus, for a court to alter an alimony award established by a consent judgment, the party seeking modification must show a change in circumstances of either party from the time of the award to the time of the trial of the alimony rule. Ducote v. Ducote, 339 So.2d 835, 837 (La. 1976); Bernhardt v. Bernhardt, 283 So.2d 226, 229 (La.1973). An exception exists where the consent judgment contains a non-modification provision. See Megison v. Megison, 94-152, pp. 3-4 (La.App. 5th Cir. 9/14/94); 642 So.2d 885, 888, writ denied, 94-2823 (La.1/13/95); 648 So.2d 1344.
In light of the general rule allowing modification of alimony awarded pursuant to a consent judgment, Mr. Bland was required to prove that the consent judgment fell within an exception to the general rule to prevail on his peremptory exception raising the objection of no cause of action. The trial court determined that Mr. Bland failed to demonstrate that the consent judgment was not subject to modification. We agree.
The provision in the consent judgment that alimony will be paid until Mrs. Bland remarries addresses only the duration of Mrs. Bland's entitlement to receive an alimony award. It does not reference the right of the parties to later seek a modification in the amount of alimony awarded through the consent judgment based on a change in circumstances. Thus, we agree with the trial court that this provision does not evidence a clear intent of the parties to bar subsequent modifications of the amount of the alimony award.
Mr. Bland relies upon Crumling v. Crumling, 628 So.2d 1194 (La.App. 3rd Cir.1993); Wagner v. Wagner, 535 So.2d 1269 (La.App. 3rd Cir.1988), writ denied, 538 So.2d 592 (La.1989); and Romero v. Romero, 509 So.2d 681 (La.App. 3rd Cir.), writ not considered, *1162 512 So.2d 427 (La.1987), cases decided by our brethren of the Third Circuit Court of Appeal, to support his argument that a consent judgment which provides that alimony shall be paid "until [the recipient spouse's] death or remarriage" necessarily constitutes an intent of the parties to bar modification of the amount of the alimony award based on a change in circumstances. To the extent that these cases are interpreted to hold that such duration provisions necessarily bar subsequent modifications to the amount of alimony awarded, we decline to follow them.
In Romero v. Romero, 509 So.2d 681, the parties to a divorce entered into a stipulation which provided that the husband would pay the wife alimony in the amount of $500 a month until her death or remarriage, whichever came first. The stipulation as to alimony was incorporated into the judgment of divorce. Subsequently, the husband filed a rule to rescind, and in the alternative, to reduce alimony because the wife was living in open concubinage and, consequently, her needs had been reduced, constituting a change in circumstances. The trial court terminated the alimony because the wife had been living in open concubinage which the trial court deemed to be the equivalent of remarriage, an event that triggered the termination of the alimony pursuant to the terms of the judgment. Romero v. Romero, 509 So.2d at 682-83.
The court of appeal held that open concubinage was not the equivalent of remarriage, and because the judgment did not list living in open concubinage as an event triggering termination, the husband could not have the alimony award terminated on this basis. Romero v. Romero, 509 So.2d at 683. The court did not directly address the husband's alternative argument that a reduction in the amount of alimony, as opposed to a termination of the alimony award, was warranted because the wife's needs had been reduced. Thus, we do not interpret the holding in Romero as a finding that the mere listing, in a consent judgment awarding alimony, of events which will terminate alimony, evidences a clear intent that the amount of alimony can never be changed.
Romero was relied on as support for the third circuit's ruling in Wagner v. Wagner, 535 So.2d 1269. The issue in Wagner was almost identical to the issue before this court. Namely, the Wagner court had to decide if the inclusion of language in a stipulation, which is incorporated into a judgment, providing that alimony shall be paid in a certain amount until the death or remarriage of the recipient spouse, means that the amount cannot be reduced based on a change in circumstances. Finding that the judgment was ambiguous as to whether or not the alimony award could be modified based on a change in circumstances, the trial court allowed parol evidence from the parties to determine if they intended to preclude modification of the amount of the award. Based on the parol evidence which consisted of testimony from the parties, the trial court determined that the parties intended that the amount of alimony would remain the same, regardless of any changes in circumstances. Wagner v. Wagner, 535 So.2d at 1269-70.
The third circuit concluded that parol evidence was admissible to determine the parties' intent on the modification issue. Wagner v. Wagner, 535 So.2d at 1271. Moreover, relying on Romero, the court concluded that the stipulation which had been reduced to judgment was binding and not subject to modification or termination. Particularly, the Wagner court noted that although there were distinct reasons for which modification or termination of alimony was sought in Romero and Wagner, there was no difference in the distinctions. Wagner v. Wagner, 535 So.2d at 1271-72. We disagree.
In Romero, the husband sought to terminate alimony based on an event which was omitted from a list of specified events in the judgment which would trigger the termination of alimony. In Wagner, the husband based his rule to revoke or reduce alimony on a change in circumstances, an occurrence which was not specifically addressed in the judgment. Additionally, in Wagner, there was evidence that the parties agreed to a fixed amount of alimony for a specified duration in exchange for a waiver of one party's rights to the other party's pension plan. Wagner v. Wagner, 535 So.2d at 1270-71.
*1163 Thus, the decision in Wagner ultimately turned on the intent of the parties, evidenced through the record.
Crumling v. Crumling, 628 So.2d 1194, a later third circuit decision, involved a stipulated judgment, rendered pursuant to terms reached between the parties, which provided for the payment of $400 a month in alimony. Unlike the judgments at issue in Romero and Wagner, there was no statement referencing when the alimony payments would terminate. The husband filed a rule to reduce the alimony. His wife responded by filing a peremptory exception raising the objection of no cause of action, arguing that the consent judgment barred the modification of the alimony award. Crumling v. Crumling, 628 So.2d at 1195-96.
The Crumling court held that the stipulated judgment lacked any language to demonstrate that it fell within an exception to the general rule that alimony is modifiable upon the showing of a change in circumstances. Crumling v. Crumling, 628 So.2d at 1197. However, in dicta, the court stated that where a stipulation provides explicit guidance as to the duration of alimony payments, it constitutes an exception to the general rule that either spouse may seek a change in alimony based on a change in circumstances. Crumling v. Crumling, 628 So.2d at 1197. As an example of stipulations which provide specific guidance as to the duration of alimony payments, the court referred to the consent judgments in both Romero and Wagner. The Crumling court implied that where a consent judgment provides that alimony is "payable until death or remarriage," the amount of alimony payable is not subject to modification. Crumling v. Crumling, 628 So.2d at 1197. We do not agree.
Whether or not the amount of alimony awarded through a consent judgment can be modified depends on the specific terms of the judgment. If the intent is not clear on the face of the judgment, other evidence, including but not limited to the testimony of the parties, a community property settlement or a written stipulation, is admissible to determine the intent of the parties. Importantly, the simple fact that a judgment provides that alimony is "payable until death or remarriage" does not evidence a clear intent that the amount of alimony payable is not subject to modification.
We respectfully disagree with our brethren of the third circuit on the issue of whether the amount of alimony awarded pursuant to a consent judgment is modifiable based upon a change in circumstances, where the consent judgment provides that the alimony is payable until the recipient spouse remarries. Where the judgment is not clear on the issue of whether the parties intended to prohibit modification of the amount of alimony based on a change in circumstances, extrinsic evidence is admissible to determine the intent of the parties.
In the present case, the trial court determined that there was no intent by the parties to bar modification of the amount of alimony based upon a change in circumstances. This determination is supported by the record. Particularly, we note that neither party testified that they intended to bar modification of the amount of the alimony award through the inclusion of the provision that the award would continue until Mrs. Bland's remarriage. Moreover, we note that when Mrs. Bland filed her rule to increase alimony, Mr. Bland responded with his own rule to reduce or terminate alimony based upon a change in circumstances.[2] In summary, we find that if Mr. Bland had truly intended that the amount of the alimony award was not modifiable, he would have testified to this fact at the hearing on the alimony rule and would not have filed his own rule to reduce the alimony award. Accordingly, we conclude that the record is void of any evidence that the parties intended to remove themselves from the confines of the general rule which allows a modification of the amount of alimony *1164 based upon a change in circumstances, whether the alimony was awarded pursuant to a trial or a stipulated judgment.[3]

EXCESSIVENESS OF ALIMONY AWARD
In this assignment of error, Mr. Bland contends that the modified alimony award of $700 a month is excessive. In connection with this assignment of error, Mr. Bland disputes only the trial court's finding that there has been an increase in Mrs. Bland's needs or expenses since the time of the consent judgment. Thus, our review is limited to whether the trial court abused its discretion in finding that there has been a change in circumstances warranting an increase in the alimony award to $700 a month.
LSA-C.C. art. 112 governs awards of permanent periodic alimony, setting forth factors upon which awards of permanent alimony shall be based. The trial court's determination whether to reduce, increase, or continue the amount of alimony should not be overturned or modified by an appellate court absent a clear abuse of discretion. Buchert v. Buchert, 93-1819, p. 5 (La.App. 1st Cir. 8/26/94); 642 So.2d 300, 303.
In the present case, the parties testified pertaining to their respective monthly incomes and expenses. Mr. Bland does not dispute the fact that his income has increased since the time that the consent judgment was rendered. Instead, he argues that Mrs. Bland failed to demonstrate an increase in her necessary expenses. The evidence revealed that Mrs. Bland's expenses exceeded her income which consisted of the income she earned at her present job, the $858 a month child support award and the $300 a month alimony payment. Mr. Bland questioned the accuracy of some of the expenses claimed by Mrs. Bland. However, the trial court found that these expenses demonstrated Mrs. Bland's necessitous circumstances. Based on the record reviewed in its entirety, we can find no error in this finding by the trial court.
Additionally, Mr. Bland argued that Mrs. Bland's gross income was greater than the figure represented on her affidavit of income and expenses. However, even using the gross income figure asserted by Mr. Bland, Mrs. Bland was still in need of permanent alimony, because her expenses, as found by the trial court, exceeded her income by nearly $400.
Thus, the trial court considered the factors set forth in LSA-C.C. art. 112, in assessing the amount of the increase in alimony to be awarded to Mrs. Bland. A review of the record convinces us that the trial court did not abuse the much discretion vested in it in fixing the alimony award, including its inherent assessment of necessary expenses. Accordingly, we find this assignment of error to be without merit.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
LOTTINGER, C.J., dissents and would reduce the amount of the permanent alimony award.
NOTES
[1] The consent judgment also awarded Mr. and Mrs. Bland joint custody of their only child and $300 a month in child support to Mrs. Bland, and ordered Mr. Bland to provide health insurance for the minor child and pay the child's medical expenses that were not covered by medical insurance. Only the award of alimony is at issue in this appeal.
[2] The allegation in Mr. Bland's motion to terminate alimony was that Mrs. Bland was living in open concubinage and that Mrs. Bland no longer needed alimony since she was gainfully employed.
[3] In so holding, we note that the present case differs from those cases wherein the alimony award in a consent judgment was agreed to in consideration of property received through a community property settlement, or where the consent judgment was based on an agreement or stipulation which contained an express non-modification clause. In such cases, the facts may demonstrate that the parties clearly intended to bar any subsequent modification to the amount of the alimony.