719 So.2d 727 (1998)
Maureen Joyce STOUT, Plaintiff-Appellee,
v.
Larry Gene STOUT, Sr., Defendant-Appellant.
No. 97-1508.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1998.
*728 Henry R. Liles, Lake Charles, for Maureen Joyce Stout.
R. Michael McHale, Lake Charles, for Larry Gene Stout, Sr.
Before YELVERTON, COOKS and SULLIVAN, JJ.
SULLIVAN, Judge.
Larry Stout appeals the dismissal of his rule to decrease permanent alimony on an exception of no cause of action. The trial court granted the exception after finding that alimony fixed by Larry and his former spouse, Maureen, in a joint stipulation was not subject to modification based upon a change in the parties' circumstances. Because we find that the joint stipulation is ambiguous on this point, we reverse and remand.

Facts
Larry and Maureen were married on August 20, 1966. Two children were born of the marriage, but they had reached the age of majority before the Stouts separated in June of 1995. On July 18, 1995, the Stouts filed a joint stipulation in which they agreed that Larry was at fault in the breakup of the marriage and that Maureen was free from fault. In addition to allocating the couple's debts and dividing their property, the joint stipulation also contained the following regarding permanent alimony:
4. The parties agree and stipulate that LARRY GENE STOUT, SR. will pay permanent alimony to MAUREEN JOYCE STOUT, as follows:
a. In the sum of $2,200.00 per month for approximately eighteen (18) months after the judgment of divorce is rendered, or until May 31, 1997;
b. In the sum of $2,000.00 per month for the twelve-month period after the period described in a. above, being from June 1, 1997 through May 31, 1998;
c. In the sum of $1,500.00 per month for a period of approximately five and one-half (5½) years following the period described in b. above, or until the mortgage note with Hibernia National Bank on the home at 751 Redwood Drive, Lake Charles, Louisiana, has been paid in full, which will be on or about November, 2003;
d. In the sum of $1,000.00 per month, commencing approximately December 1, 2003, or the month following payment in full of the mortgage on the home, until such time as MAUREEN JOYCE STOUT dies or remarries.

(Emphasis added.) On Maureen's motion, the trial court incorporated these terms in an amended final judgment of divorce signed on March 6, 1996.
On August 2, 1996, Larry filed a rule to decrease alimony, alleging that Maureen was now employed with a monthly income. Maureen's answer included a reconventional demand seeking an increase in alimony, alleging greater living expenses. On June 6, 1997, Maureen filed an exception of no cause of action, pleading the joint stipulation as a contractual bar to the modification of alimony. The trial court sustained Maureen's exception and dismissed Larry's rule with prejudice.
On appeal, Larry argues that the trial court erred in sustaining the exception of no cause of action because (1) both parties, by each filing rules to modify alimony, indicated *729 that they no longer wished to be bound by the joint stipulation and (2) the trial court should not have granted the exception without hearing additional evidence that should have been introduced in either a motion for summary judgment or at trial on the merits. Maureen answered the appeal, seeking damages for frivolous appeal. Because we find merit in Larry's second assignment, we need not address his first. We further find no merit to Maureen's request for damages for frivolous appeal.

Opinion
Arguing that the joint stipulation precludes modification of alimony, Maureen cites three decisions of this circuit: Crumling v. Crumling, 628 So.2d 1194 (La.App. 3 Cir. 1993); Wagner v. Wagner, 535 So.2d 1269 (La.App. 3 Cir.1988), writ denied, 538 So.2d 592 (La.1989); and Romero v. Romero, 509 So.2d 681 (La.App. 3 Cir.), writ not considered, 512 So.2d 427 (La.1987). However, upon review of the first circuit's analysis of these three cases in Bland v. Bland, 97-0329 (La.App. 1 Cir. 12/29/97); 705 So.2d 1158, we conclude that they do not support Maureen's position.
Bland began with the general principle that "an alimony award, once fixed, either by trial or pursuant to a consent judgment, is subject to change only where a substantial change of circumstances in either party can be shown." Id. at p. 5; 705 So.2d at 1161. "An exception exists where the consent judgment contains a non-modification provision." Id. As the court in Bland pointed out, the agreements in Crumling, Wagner, and Romero addressed only the duration of the stipulated alimony payments (i.e., until remarriage or death) and not the amount of those payments. Accordingly, the first circuit in Bland did not consider these cases as authority for prohibiting modification of the amount of alimony fixed in a consent judgment in the absence of a non-modification clause or other evidence that the parties intended to bar modification of the amount of alimony. The court stated:
Whether or not the amount of alimony awarded through a consent judgment can be modified depends on the specific terms of the judgment. If the intent is not clear on the face of the judgment, other evidence, including but not limited to the testimony of the parties, a community property settlement or a written stipulation, is admissible to determine the intent of the parties. Importantly, the simple fact that a judgment provides that alimony is "payable until death or remarriage" does not evidence a clear intent that the amount of alimony payable is not subject to modification.
Id. at p. 9; 705 So.2d at 1163.
Examples of non-modification clauses can be found in Megison v. Megison, 94-152, p. 2 (La.App. 5 Cir. 9/14/94); 642 So.2d 885, 887, writ denied, 94-2823 (La.1/13/95); 648 So.2d 1344 (where the parties identified death, remarriage, and open concubinage as "the only termination or modification events") and Ellefson v. Ellefson, 616 So.2d 221, 222 (La. App. 5 Cir.), writs denied, 617 So.2d 1183 (La.1993) (where the parties agreed that periodic alimony of $6,000 per month for twenty years was "not subject to increase or decrease for any reason whatsoever").
In Romero, 509 So.2d 681, the husband agreed to pay the wife alimony of $500 per month until her death or remarriage. He sought to revoke or reduce this obligation upon the wife's entering into open concubinage. Refusing to equate concubinage with marriage, this court did not terminate alimony because one of the two specified events that would trigger termination did not occur. (We did not address the husband's alternative rule to reduce.) In Crumling, 628 So.2d 1194, the stipulated judgment provided only for a monthly sum of alimony, with no comment as to its duration. On this record, this court refused to "impose on [the husband] the obligation to support [the wife] forever regardless of any changes in his or her fortune...." Id. at 1197.
In Wagner, 535 So.2d 1269, the parties stipulated to $900 per month alimony, subject to a ten percent per annum increase, until the wife either died or remarried. When the husband filed a rule to revoke or reduce the alimony, the wife responded with a rule for past due alimony, an exception of no cause of action, and the defense of transaction or compromise. Viewing the above stipulation as *730 ambiguous, the trial court permitted the parties to introduce evidence of their intent and motives. After a hearing, the trial court refused to modify alimony in light of the parties testimony that the wife accepted the stipulated alimony in exchange for her interest in the husband's pension and profitsharing plans.
This court relied upon Romero to affirm the trial court in Wagner, although, as pointed out in Bland, Romero was distinguishable. In Romero, the husband sought to terminate alimony for reasons that were not included in the stipulation as to the duration of alimony. In Wagner, the husband sought to revoke or reduce alimony based upon a change in circumstances, when the consent judgment was silent on this point. As stated in Bland, 97-329 at p. 8; 705 So.2d at 1163: "[T]he decision in Wagner ultimately turned on the intent of the parties, evidenced through the record."
In the instant case, the Stouts' joint stipulation is specific as to the duration of alimony, but is silent on whether the parties intended to prohibit modification based upon a change in circumstances. The stipulation sets forth a schedule of decreasing payments until the mortgage on the home is paid off, and, thereafter, specifies a sum payable until Maureen's death or remarriage. Although the joint stipulation includes the alimony schedule and the division of community property, there is no language linking the alimony payments to the division of the property. When the parties submitted the community property settlement for court approval, that copy of the settlement did not include the alimony provisions. Additionally, both Larry and Maureen filed pleadings to modify the amount of alimony payments.
On this record, we conclude that the trial court erred in sustaining Maureen's exception. The purpose of the exception of no cause of action is to determine the sufficiency in law of the petition, with any doubts being resolved in favor of the sufficiency of the petition. Bland, 705 So.2d 1158. "No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La.Code Civ.P. art. 931. In this case, the joint stipulation is silent regarding modification of alimony, and the pleadings raise serious questions about the intent of the parties that are more properly addressed at trial on the merits.

Decree
For the above reasons, the judgment of the trial court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion. Costs of this appeal are assessed to appellee, Maureen Joyce Stout.
REVERSED AND REMANDED.
COOKS, J., dissents.