CHUTZ, J.,
concurring.
Jjl agree with the result reached by the majority. The issue of whether Mr. Kelly can terminate spousal support to Mrs. Kelly is res judicata based both on the dura *625 tion provision in the 1993 consent judgment, as well as the later 1997 trial court judgment interpreting that provision, which was not appealed by Mr. Kelly. However, I disagree with the statement in the majority opinion that pursuant to the 1993 consent judgment, Mr. and Mrs. Kelly waived their right to seek a modification of the amount of spousal support to be paid by Mr. Kelly. In Bland v. Bland, 97-0329 (La.App. 1st Cir. 12/29/97), 705 So.2d 1158, 1161, this court held that a provision in a consent judgment that the wife would be paid spousal support until she remarried only addressed the duration of her entitlement to support and did not reference the right of the parties to later seek a modification based on a change in circumstances in the amount of support to be paid under the consent judgment. This court explained in Bland, 705 So.2d at 1163, that:
Whether or not the amount of [spousal support] awarded through a consent judgment can be modified depends on the specific terms of the judgment. If the intent is not clear on the face of the judgment, other evidence, including but not limited to the testimony of the parties, a community property settlement or a written stipulation, is admissible to determine the intent of the parties. Importantly, the simple fact that a judgment provides that [spousal support] is “payable until death or remarriage” does not evidence a clear intent that the amount of [spousal support] payable is not subject to modification. (Emphasis added.)
In this case, the provisions of the 1993 consent judgment provided that Lawrence was to pay Marguerite spousal support until she “remarries or dies.” 12Under Bland, this constituted a duration provision and not a non-modification provision as to the amount of spousal support to be paid. As in Bland, it also appears in the instant case that “the record is void of any evidence that the parties intended to remove themselves from the confines of the general rule which allows a modification of the amount of [spousal support] based upon a change in circumstances .... ” Bland, 705 at 1163-64. Furthermore, in my opinion, it is unnecessary for the majority to reach this issue since Mr. Kelly is seeking only to terminate spousal support and not to modify the amount thereof.